```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| LINCOLN LATHAM, ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 23-12054-WGY |
| ) | |
| OFFICER JULIUS, ) | |
|     Defendant, ) | |
| ) | |

YOUNG, D.J.                                             October 19, 2023

## MEMORANDUM AND ORDER

Plaintiff Lincoln Latham initiated this action by filing his self-prepared "Petition for Discovery against Defendant." Doc. No. 1.  The Clerk's Office assigned a case number and entered the pleading on the docket as a complaint.  Id.  On September 26, 2023, Latham filed a declaration in support of his petition for discovery.  Doc. No. 3.

For the reasons set forth below, if Latham wishes to commence a civil action, he must (1) either pay the $402 filing fee or show cause why the provisions of 28 U.S.C. § 1915(g) do not bar him from proceeding without prepayment of the filing fee; and (2) file a complaint that states a plausible claim for relief.

**I.   Preliminary Screening**

Because Latham is a prisoner plaintiff, this action is subject to preliminary review pursuant to 28 U.S.C. § 1915A.

Section 1915A authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(a) (screening).

In conducting this review, the court liberally construes the pleadings because Latham is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### II.  Latham Failed to File a Complaint

Latham states that on August 14, 2023, Officer Julius wrongly accused Latham of possessing contraband and conducted a pat-search.  It is not entirely clear, but it appears that Latham is claiming that the search of part of an effort by defendant to "steal the plaintiff's barbershop slip."  Latham seeks to enjoin the defendant officer from conducting "pat-searches in chow hall."

Latham has not commenced an action because a complaint has not been filed.  See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  "In the absence of a complaint ... setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a temporary restraining order ('TRO') or a preliminary injunction."  Lowenthal v. Massachusetts, No. 14-13631-GAO, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014) (quoting Greene v.

Phila. Hous. Auth., No. 11-MC-60, 2011 WL 1833011 (E.D.Pa. May 11, 2011)); Latimore v. Boston Police Dep't, No. 14-13685-FDS, 2014 WL 4965867, at *2 (D. Mass. Oct. 1, 2014).

### III. Prisoner Plaintiffs Not Entitled to Complete Fee Waiver

Because prisoner plaintiffs are not entitled to a complete waiver of the filing fee, if Latham wishes to proceed with the filing of a complaint, he must either pay the filing fee or file of an application to proceed in district court without prepaying fees or costs with a copy of his prison account statement. If Latham is granted leave to proceed in forma pauperis, the court will direct the appropriate prison official to withdraw an initial partial payment from Latham's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2).

However, pursuant to 28 U.S.C. § 1915(g), a prisoner is not permitted to proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court's records indicate that Latham may have three cases that are prior dismissals for purposes of this statute. See Latham v. Board of Bar Overseers, No. 11-12296-NMG (D. Mass. June 18, 2012) (dismissed for failure to

[3]

state a claim); Latham v. Kennedy, No. 23-10121-RGS (D. Mass. Apr. 10, 2023) (dismissed for failure to state a claim); Latham v. Demissie, No. 23-10062-NMG (D. Mass. June 6, 2023) (dismissed for failure to state a claim).  In a separate action, Latham was directed either to pay the filing fee or who good cause why the provisions of 28 U.S.C. § 1915(g) do not bar him from proceeding without prepayment of the filing fee.  See 09/18/2023 Order, Latham v Mici, 23-11897-RGS (Doc. No. 5).

Thus, if Latham wishes to commence a new civil action, he cannot proceed without prepayment of the filing fee unless he shows that the alleged misconduct set forth in his complaint places him "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**IV.  Further Proceedings**

Because it is unclear whether Latham intended to initiate a new civil action by filing his "Petition for Discovery against Defendant," Latham will be granted an opportunity to both file a complaint and show cause why he is not barred from proceeding without prepayment of the filing fee for a civil action.

In the event that Latham files a complaint, he is reminded that his complaint will be subject to screening pursuant to 28 U.S.C. § 1915A and may result in a dismissal for purposes of 28 U.S.C. § 1915(g)'s limitation on future actions.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A preliminary review of the claims presented in Latham's pleading suggests that it would be dismissed under this standard and would then constitute a dismissal for failure to state a claim upon which relief may be granted.

**V.   Conclusion**

In accordance with the foregoing, the Court hereby orders that if Latham wishes to proceed with this action, he must, on or before November 10, 2023, (1) either pay the $402 filing fee

[6]

or show cause why the provisions of 28 U.S.C. § 1915(g) do not bar him from proceeding without prepayment of the filing fee; and (2) file a complaint that states a plausible claim for relief.  Failure to comply with these directives on or before November 10, 2023, will result in the dismissal of this action.

**SO ORDERED.**

                                          /s/ William G. Young
                                        WILLIAM G. YOUNG
                                        UNITED STATES DISTRICT JUDGE